**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
TULSA DIVISION

JAN 19 1999

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  Plaintiff, | CIVIL ACTION NO. |
| v. | COMPLAINT |
| MEMORIAL PARK CEMETERY ASSOCIATION,  Defendant. | JURY TRIAL DEMAND |

99CV049 B 

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Truman Repogle. The Commission alleges that the Defendant Employer Memorial Park Cemetery Association discriminated against Truman Repogle by discharging him from his position because of his age (70). Defendant terminated Mr. Repogle pursuant to a mandatory retirement policy established and implemented by the company that required retirement of employees at age 70.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Oklahoma, Tulsa Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the Defendant has continuously been and is now doing business in the state of Oklahoma, and at all relevant times has had at least twenty employees.

5. At all relevant times, the Defendant has continuously been and is now employers engaged in an industry affecting commerce within the meaning of Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since at least May 1997, the Defendant has engaged in unlawful employment practices at its facility, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). On or

**COMPLAINT** 2

about May 13, 1997, the Defendant discharged Truman Repogle from his position at the cemetery because of his age (70). Defendant discharged Mr. Repogle pursuant to a mandatory retirement policy established and implemented by the company that required retirement of employees at age 70.

8. The effect of the practices complained of above has been to deprive Truman Repogle of equal employment opportunities and otherwise adversely affect his status as employee, because of age.

9. The unlawful employment practices complained of above were and are willful within the meaning of the ADEA.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, Memorial Park Cemetery, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates because of age against individuals age 40 and older.

B. Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals who are age 40 and older, and which eradicate the effects of their past and present unlawful employment practices.

B. Order the Defendant to immediate cease its use of the mandatory age 70 retirement policy established and implemented by the Defendant.

C. Grant a judgment requiring the Defendant to pay appropriate back wages and out-of-pocket medical expenses, in an amount to be proven at trial, and an equal amount as liquidated

**COMPLAINT**  3

damages, and prejudgment interest, to individuals who were adversely affected by the unlawful practices described above, including but not limited to Truman Repogle.

      D.      Order the Defendant to make whole individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to rightful-place reinstatement of Truman Repogle.

      E.      Grant such further relief as the Court deems necessary and proper in the public interest.

      F.      Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　4

Respectfully submitted,

C. GREGORY STEWART
General Counsel

JEFFREY C. BANNON
Regional Attorney
Connecticut State Bar No. 301166

ROBERT A. CANINO
Supervisory Trial Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Senior Trial Attorney
State Bar No. 14009470

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas 75202
(214) 655-3330
(FAX) 655-3443